■ STEVEN ESPEJO, an Infant, by His Mother and Natural Guardian, OPHELIA AYALA, et al., Respondents, v REUVEN HOLDING LTD. et al., Appellants. [764 NYS2d 275] —Order, Supreme Court, Bronx County (Kenneth Thompson, J.), entered October 15, 2002, which denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the motion insofar as to dismiss the complaint as against defendant Reuven Holding, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Plaintiffs sue to recover for injuries allegedly sustained by the infant plaintiff when defendant Mini's dog bit him. While the evidence is insufficient to raise a triable issue as to whether the dog possessed vicious propensities of which defendants had notice and, accordingly, plaintiff has no sustainable strict liability claim against defendants, the absence of vicious propensity evidence does not preclude plaintiffs from recovering on an ordinary negligence theory (*see Schwartz v Armand Erpf Estate*, 255 AD2d 35, 37 [1999], *lv dismissed* 94 NY2d 796 [1999]). In light of the evidence that defendant Mini, although cognizant of a long history of antagonism between his dog and

the infant plaintiff, nonetheless permitted the dog to escape confinement in a room set aside for that purpose while the youth was eating in the nearby kitchen, a triable issue has been raised as to whether there was a "distinct act that [Mini] should have done or refrained from doing under the particular circumstances" to protect the infant plaintiff from the dog (see id. at 38). No such issue has, however, been raised with respect to defendant landlord Reuven Holding. The record affords no evidentiary ground to infer that that defendant could have foreseen or taken reasonable action to prevent the complained-of harm. Concur—Nardelli, J.P., Saxe, Sullivan and Gonzalez, JJ.